PJG Consent SSA (Rev 09/02/20)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donna K. Peppers, | ) | C/A No. 0:20-326-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social | ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, | ) | |
| | ) | ☐ Affirmed |
| Defendant. | ) | ☒ Reversed and Remanded |
| | ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

## Part I—Plaintiff seeks:

☐    Supplemental Security Income ("SSI")

    Application date:              Plaintiff's age at filing:

☒    Disability Insurance Benefits ("DIB")

    Date last insured:  <u>December 31, 2021</u>

☐    Other:

Plaintiff's Year of Birth:  <u>1972</u>

Plaintiff's alleged onset date:  <u>April 23, 2016</u>

## Part II—Social Security Disability Generally

    Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

    A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  <u>Grant v. Schweiker</u>, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  <u>February 22, 2019</u>

In applying the requisite five-step sequential process, the ALJ found:

Step 1:   Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:   ☒  Plaintiff has the following severe impairments:
<u>left foot complex regional pain syndrome; left knee chondromalacia; bilateral hip trochanteric bursitis; and, obesity</u>

☐  Plaintiff does not have a severe impairment.

Step 3:   ☒  Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:   Plaintiff's Residual Functional Capacity is as follows:

<u>[T]he claimant has the residual functional capacity to perform light work over the course of an 8-hour interval in 2 hour increments, the claimant can work at a light exertional level as defined in 20 CFR 404.1567(b), except that standing and walking combined can be performed for 4 hours out of an 8-hour workday, and sitting can be performed 6-hours out of an 8-hour workday, and the use of foot controls on the left is limited to occasional within the exertional level.  The claimant can be allowed to sit, stand, or adjust positions consistent with the exertional level described herein.  She can sit in at least 30-minute increments.  Transitioning may cause her to be off task, while remaining at the workstation, no more than 5% of the workday beyond normal breaks.  Any other need to sit, stand, walk, or elevate the left foot can be accommodated within normal work breaks.  The claimant can occasionally climb ladders, ropes, scaffolds, ramps, and stairs.  She can occasionally kneel, crouch, and crawl.  The claimant can frequently balance and stoop.  The claimant can occasionally be exposed to hazards associated with unprotected dangerous machinery or unprotected heights.  She can concentrate, persist, or maintain pace to understand, remember, and carry out unskilled, routine tasks, in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving application of commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  The claimant can deal with problems involving several concrete variables, in or from standardized situations.  The claimant can adapt to occasional workplace changes.</u>

Step 5:   ☐  Plaintiff could return to his/her past relevant work.

☐  Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒  Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:
<u>cleaner and polisher (DOT 709.687-010, light, SVP 2) of which there are approximately 18,000 such jobs nationally; plastic hospital products assembler (DOT 712.687-010, light, SVP 2) of which there are approximately 49,000 such jobs nationally; electronics worker</u>

    (DOT 726.687-010, light, SVP 2) of which there are approximately 10,000 such jobs nationally.
    Alternatively, if Plaintiff's residual functional capacity were modified to sedentary work, with the same remaining exertional, nonexertional, environmental, and mental limitations,
    ☒ Plaintiff could not return to his/her past relevant work but there are jobs available in substantial numbers in the national economy that Plaintiff can perform.

Date of Appeals Council decision:  January 10, 2020

## Part IV—Standard of Review

  Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part V—Issues for Judicial Review

A. Unexplained RFC.  The claimant's RFC must reflect the limitations imposed by all her medically determinable impairments.  The ALJ did not build an accurate and logical bridge between the evidence and the limitations in his RFC.  When the ALJ does not identify evidence as the basis for his RFC does substantial evidence support his RFC?

B. Treating physician's opinions.  The ALJ is required to weigh the treating physician's opinion evidence and account for the limitations found or give good reasons supported by substantial evidence for discounting them.  The ALJ misstated some evidence and did not give good reasons for discounting the opinions of Peppers's treating physician.  Where an ALJ's discounting of a treating physician's opinion is inadequate, is the decision supported by substantial evidence?

## Oral Argument

  ☒ **Held on September 8, 2020.**

  ☐ **Oral argument not necessary for disposition**

## Summary of Reasons

  The ALJ did not mention or appear to apply SSR 03-2p. It is unclear whether the ALJ complied with its directives given that he/she rejected the treating physician's opinion that the

plaintiff could not stand/walk for more than two hours in an eight-hour workday and would need to elevate her foot when it swells. Furthermore, the ALJ appears to have rejected this opinion for reasons that are not supported by the record. For example, he described the treating physician's treatment of the plaintiff as "infrequent" although she consulted him nineteen times over a two-year period. The ALJ also appears to have selectively focused on treatment notes suggesting normal findings and disregarded other notes favorable to the plaintiff's claim.

The ALJ's apparent failure to apply SSR 03-2p appears to have affected his treatment of the treating physician's opinion and, consequently, his RFC formulation. The court finds no logical bridge to show how the ALJ concluded the plaintiff could stand for four hours per workday and would be off task only 5% of the time, as no evidence obviously supports those findings. See Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted); Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) ("[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (stating that in the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to opinions from treating medical sources); SSR 03-2p (observing the importance of treating physician's opinions regarding complex regional pain syndrome); see also Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that Woods could perform 'medium work' and summarized evidence that he found credible, useful, and consistent. But the ALJ never explained how he concluded—based on this evidence—that Woods could actually perform the tasks required by 'medium work,' such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours."); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted).

## ORDER

☐ **Affirmed for the reasons stated on the record. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒ **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
September 14, 2020                                    Paige J. Gossett
Columbia, South Carolina                         UNITED STATES MAGISTRATE JUDGE